BRETT L. TOLMAN, United States Attorney (#8821)
AMY J. OLIVER, Assistant United States Attorney (#8785)
Attorneys for Plaintiff
185 South State Street, # 300
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
amy.oliver@usdoj.gov

Greg Jacob, Solicitor of Labor
Michael A. Stabler, Regional Solicitor
John Rainwater, Associate Regional Solicitor
  and Special Assistant United States Attorney
Lydia Tzagoloff, Trial Attorney and
  Special Assistant United States Attorney
1999 Broadway, Suite 1600
Denver, CO  80202
Telephone: (303) 844-1745
tzagoloff.lydia@dol.gov

_____

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | Case No.  2:09cv00026 JTG |
| Plaintiff | ) ) | |
| v. | ) ) ) | COMPLAINT |
| FOOPTUBE, LLC, D/B/A SENSORY SWEEP, AND DAVE RUSHTON, INDIVIDUALLY, | ) ) ) ) ) | |
| Defendant. | ) ) | Honorable J. Thomas Greene |

_____

Plaintiff brings this action to enjoin Defendants from violating the provisions of Sections

15(a)(1) and 15(a)(2) (29 U.S.C. § 215(a)(1) and § 215(a)(2)) of the Fair Labor Standards Act of

1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, including the restraint of any withholding of payment of minimum wages and overtime compensation found by the Court to be due employees under the Act, and for the issuance of a temporary restraining order and preliminary injunction restraining Defendants from transporting, offering for transportation, shipping, delivering, or selling in commerce or shipping, delivering or selling with knowledge that shipment of delivery or sale thereof in commerce is intended, any goods produced in violation of Section 6 or 7 of the Act (29 U.S.C. § 206 and § 207), and for the issuance of a permanent injunction restraining Defendants from transporting, offering for transportation, shipping, delivering, or selling in commerce or shipping, delivering or selling with knowledge that shipment of delivery or sale thereof in commerce is intended, any goods produced in violation of Sections 6, 7, or 15(a)(1) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 17 of the Act, 29 U.S.C. § 217.

II

(a)  Defendant Fooptube, LLC, d/b/a Sensory Sweep, is a Limited Liability Company, authorized to do business in the state of Utah, with its principal place of business located at 2691 Decker Lake Lane, West Valley City, UT 84119, within the jurisdiction of this Court, where it is engaged in the development and production of software, video games, and video game components (data files).

II

Defendant Dave Rushton resides at 10711 Cedar Brook Place, South Jordan, UT 84095 within the jurisdiction of this Court, is the President of Defendant Fooptube, and acts directly or indirectly in the interest of Defendant Fooptube in relation to its employees.

III

At all times hereinafter mentioned, employees of Defendants Fooptube and Dave Rushton have handled, manufactured or otherwise worked on goods or materials that have been moved in or produced for commerce.  Therefore, said employees have been engaged in commerce or in the production of goods for commerce within the meaning of the Act.

IV

Defendants Fooptube and Dave Rushton have violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act, since October 1, 2008, or earlier, by paying to its employees engaged in commerce or the production of goods for commerce, wages at rates less than the applicable statutory minimum wage prescribed in Section 6 of the Act.

V

Defendants Fooptube and Dave Rushton have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees in commerce or in the production of goods for commerce for workweeks longer than 40 hours since October 20, 2008, or earlier, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

3

VI

Defendants Fooptube and Dave Rushton have violated and are violating the provisions of Section 15(a)(1) of the Act by transporting, offering for transportation, shipping, delivering, or selling in commerce; or shipping, delivering or selling with knowledge that shipment, delivery, or sale thereof in commerce is intended, goods in the production of which employees were employed in violation of Sections 6 and 7 of the Act.

VII

Defendants Fooptube and Dave Rushton have since October 1 2008, or earlier, violated and are violating Sections 6, 7, 15(a)(1) and 15(a)(2) of the Act.  A judgment enjoining and restraining the violations hereinabove alleged is specifically authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays:

(a)  for a temporary restraining order enjoining and restraining the Defendants, Fooptube and Dave Rushton, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of Section 15(a)(1) of the Act;

(b)  for a preliminary injunction enjoining and restraining Defendants Fooptube and Dave Rushton, their agents, servants, employees and all persons in active concert or participation with them, from violating the provisions of Section 15(a)(1) of the Act during the pendency of this action;

©)  for a judgment permanently enjoining and restraining Defendants, Fooptube and Dave Rushton, their agents, servants, employees, and all persons in active concert or participation with it from violating the provisions of Sections 6, 7, 15(a)(1) and 15(a)(2) of the Act, including the

4

restraint of any withholding of payment of minimum wages and overtime compensation found by the Court to be due, and for such other and further relief, including a back wage order, as may be necessary or appropriate; and

(d)  for a judgment permanently enjoining and restraining Defendant Fooptube, and Defendant Dave Rushton, their agents, servants, employees, and all persons in active concert with them from violating the provisions of Section 15(a)(1) of the Act and for such other and further relief as may be necessary and appropriate.

Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that she recover the costs of this action.

DATED this 14th day of January, 2009.

Gregory F. Jacob, Solicitor of Labor
Michael A. Stabler, Regional Solicitor
John Rainwater, Associate Regional Solicitor and
 Special Assistant United States Attorney
Lydia Tzagoloff, Trial Attorney and Special
   Assistant United States Attorney
United States Department of Labor

Attorneys for Plaintiff

BRETT L. TOLMAN
United States Attorney

/s/ Amy J. Oliver
_____

AMY J. OLIVER
Assistant United States Attorney

Associated Local Counsel for Plaintiff

5