Brett L. Tolman, United States Attorney (#8821)
Amy J. Oliver, Assistant U.S. Attorney (#8785)
District of Utah
185 South State Street, #300
Salt Lake City, Utah 84111-1506
(801) 325-3319
Email: amy.oliver@usdoj.gov
Associated Local Counsel

Carol A. De Deo, Deputy Solicitor for National Operations
Michael A. Stabler, Regional Solicitor
John Rainwater, Associate Regional Solicitor
  and Special Assistant United States Attorney
Lydia Tzagoloff, Trial Attorney and
  Special Assistant United States Attorney, NY #2631299 (Pro Hac Vice)
1999 Broadway, Suite 1600
Denver, CO  80202
(303) 844-1745
Email: tzagoloff.lydia@dol.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : | Judge Dee Benson |
| Petitioner, | : | Case No. 2:09cv00026 |
| vs. | : | AMENDED PETITION FOR CONTEMPT ADJUDICATION |
| FOOPTUBE, LLC, d/b/a SENSORY SWEEP, and DAVE RUSHTON, individually, | : | |
| Respondents. | : | |

AMENDED PETITION FOR CONTEMPT ADJUDICATION

Petitioner, Hilda Solis, Secretary of Labor, United States Department of Labor, by the

undersigned attorneys, petitions this Court to hold Respondents Fooptube LLC, d/b/a Sensory

Sweep, and Dave Rushton in contempt for violating the terms of the Amended Consent Judgment entered by the Court pursuant to section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 217), hereinafter called the "FLSA." Petitioner initially filed a Petition for Contempt Adjudication on June 26, 2009, for Respondents' failure to comply with the Court's Judgment. As stated in the Petition, the full payment of back wages was not due until August 10, 2009, and, therefore, while Respondents had failed to comply with the Court's Judgment for the reasons set forth in that document (and as set forth again below), contempt for non payment of the back wage liability was not yet ripe. However, Petitioner indicated it was anticipated Respondents would not comply with that part of the Judgment as Respondents had failed to make any back wage payments (and moreover, have and continue to fail to pay current employees). August 10, 2009, has come and gone, and Respondents have failed to pay anything toward the back wage liability of $942,429.09. Therefore, Petitioner now amends her petition to include contempt of the Judgment for nonpayment of the back wage liability of $942,429.09 due to be paid in full no later than August 10, 2009. In support of this Amended Petition, Petitioner states the following:

1.      Petitioner is the duly appointed and confirmed Secretary of Labor, United States Department of Labor. Petitioner is charged with the enforcement duties, responsibilities, and authority as vested by the Act and by Reorganization Plan No. 6 of 1950 [15 F.R. 3124, 64 Stat. 1263] effective May 24, 1950.

2.      Respondent Fooptube LLC, d/b/a Sensory Sweep (Fooptube), is a limited liability company with a place of business presently located at 114 Business Park Drive, Draper, UT 84020, within the jurisdiction of this Court.

3.      Respondent Dave Rushton, the owner of Fooptube, resides at 10711 Cedar Brook Place, South Jordan, UT 84095, within the jurisdiction of this Court.

4.      On January 14, 2009, Petitioner instituted Civil Action No. 2:09-cv-00026-DB pursuant to section 17 of the FLSA to permanently enjoin and restrain Fooptube and Dave Rushton from violating the provisions of sections 6, 7, 11, 15(a)(1), and15(a)(2) of the FLSA.

5.      The Court had, and presently has, jurisdiction over the subject matter and parties to this action.

2

6.     On February 17, 2009, pursuant to consent of Respondents, an Amended Consent Injunction (Judgment) was entered by the Honorable Dee Benson of this Court, permanently enjoining and restraining Respondents and those persons in active concert or participation with them who received actual notice of such judgment, from violating the provisions of sections 6, 7, 11, 15(a)(1), 15(a)(2), and 15(a)(5) of the FLSA in any of the following manners:

I

Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, fail to pay to their non-exempt employees engaged in commerce or the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, wages at rates not less than $6.55 an hour, or any rate subsequently made applicable by amendment to the FLSA, for every hour worked by Defendants' employees.

II

Defendants shall not, contrary to sections 7 and 15(a)(2) of the FLSA, employ any employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours without compensating such non-exempt employees for their employment in excess of forty (40) hours per workweek at rates not less than one and one-half times the regular rates at which they are employed.

III

Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of its employees, and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations issued and from time to time amended pursuant to section 11(c) of the FLSA (29 C.F.R. Part 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

IV

A.     Defendants are hereby restrained from transporting; offering for transportation; shipping, delivering or selling in commerce (whether by electronic means or otherwise); or shipping, delivering or selling with knowledge that shipment, delivery or sale in commerce is intended, the following: Any and all software, video games, video game components, and electronic data files owned and/or controlled by Defendants any and all software, video games, video game components, and electronic data files worked on by Defendants' employees since October 1, 2008, until such time as Defendants have paid all the back wages due to employees and are paying current employees in compliance with the FLSA. Unless

3

and until Defendants have paid all the back wages due to employees and are paying current employees in compliance with the FLSA, all goods developed and/or manufactured by Defendants comprise "hot goods" under Section 15(a)(1) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 221 et. seq.).

B.      Defendants are hereby restrained from continuing to withhold the sum of $942,429.09 in unpaid wages (minimum wage and overtime for hourly employees and minimum weekly pay of $455 for salaried exempt employees).   The amounts due to each employee are set forth on the spread sheet attached as Exhibit A to this Amended Consent Injunction.  Defendants shall pay these back wages, per the terms set forth below at (C)(1)(a)-(e) , (C)(2)(a)-(e), and (C)(3),  no later than 6 months from the date of this Amended Consent Injunction (i.e., no later than August 10, 2009).

C.      While Defendants are still in arrears on back wages due to Defendants' employees, Plaintiff, through the Wage-Hour Division Salt Lake City District Office (hereinafter "Wage-Hour Division"), will agree to allow shipment of goods, described above at paragraph IV(A), on a case-by-case basis as set forth below at (C)(1).  In addition, for any incoming funds that Defendants receive, independent of the process described in (C)(1), the parties agree to use such funds as set forth below at (C)(2).

1.      Defendants shall notify the Wage-Hour Division each time Defendants anticipate shipping by any means (electronic or otherwise) any products, including but not limited to electronic data files, software, video games, video game components, etc., whether sent as "milestone shipments" or by any other means. The Wage-Hour Division will then lift its objection to ship—i.e., the restraint placed on Defendants described at IV(A) above—on a case-by-case basis.  Failure to obtain advance approval from the Wage-Hour Division is a violation of this Amended Consent Injunction.  Receipt of any and all funds for shipments under this paragraph by Defendants shall be handled in the following manner:

(a)      Defendants shall notify the Wage-Hour Division immediately upon receipt of any all and funds received for shipments under paragraph (C)(1).

(b)      All funds received by Defendants in exchange for shipments under paragraph (C)(1) by shall immediately be placed in a separate identifiable account segregated from, and not commingled with, any funds used for operating or other expenses of Defendants.

(c)      Defendants shall use funds received in exchange for shipments under paragraph (C)(1) to pay employees first  before using the funds for any other purpose, with the exception of funds needed to continue in business (e.g., operating costs such as rent, health insurance premiums, and utilities). Defendants shall promptly alert the Wage-Hour Division of the amount they need from the incoming funds to pay required operating costs, not to exceed one-third (1/3) of the incoming funds (at least two-thirds (2/3) of the incoming funds will be used to satisfy current and back wages). The remaining funds allocated to back wage or current wage payments shall be segregated by Defendants from operating expenses and remain in the

4

separate account required by paragraph (C)(1)(b) until disbursed to employees or former employees.

(d)  Defendants shall maintain detailed records of the funds received for shipments under paragraph (C)(1), how such funds are distributed to approved operating expenses or employees or former employees, and shall provide the Wage-Hour Division with an accounting upon request.  With respect to money segregated for disbursement to employees, Defendants shall first meet the current payroll needs.  .  Second, Defendants shall apply any additional monies toward the payment of back wages satisfying the most recent unpaid pay period and then the oldest liability and then alternating between the two.  Specifically, after payment of current wages, Defendants will pay the back wages due in the following order: (1) back wages due for missed payroll for the pay period January 16-January 31, 2009; (2) back wages due for missed payroll for the pay period October 1-October 15, 2008; (3) back wages due for missed payroll for the pay period January 1, 2009-January 15, 2009; (4)  back wages due for missed payroll for the pay period from October 16-October 31, 2008; (5) back wages due for the missed payroll for the pay period from December 16-December 31, 2008; (6) back wages due for missed payroll for the pay period November 1-November 15, 2008;  (7) back wages due for missed payroll for the pay period December 1-December 15, 2008; and (8) back wages due for missed payroll for the pay period November 16-November 30, 2008.

(e)  Defendants shall provide the Wage Hour Division with preliminary proof that it has paid employees from funds received for shipments under paragraph (C)(1) within seven (7) days after Defendants receive any such funds.  Preliminary proof of payment shall consist of a report that lists the employees' names, check numbers, and gross and net amounts paid.  This list shall also contain addresses and social security numbers of employees receiving payment.  Final proof of payment, which will be due within thirty (30) days after Defendants receive any such funds, shall consist of a copy of the front and back of cancelled wage checks.

2.  Any and all funds received by Defendants not covered by paragraph (C)(1) including funds from past invoices, accounts receivable, prospective contracts, advances, or any other source, shall be handled in the following manner:

(a)  Defendants shall notify the Wage-Hour Division immediately upon receipt of any all and funds received under paragraph (C)(2).

(b)  All funds received by Defendants under paragraph (C)(2) shall immediately be placed in the separate identifiable account segregated from, and not commingled with, any funds for operating or other expenses of Defendants required by paragraph (C)(1)(b).

(c)  Defendants shall pay employees first before using funds received under paragraph (C)(2) for any other  purpose, with the exception of funds needed to continue in business (e.g., operating costs such as rent, health insurance premiums, and utilities).  In the same manner as set forth in

paragraph (C)(1)(c), Defendants shall promptly alert the Wage-Hour Division of the amount they need from the incoming funds to pay required operating costs, not to exceed one-third (1/3) of the incoming funds (at least two-thirds (2/3) of the incoming funds will be used to satisfy current and back wages). The remaining funds allocated to back wage or current wage payments shall be segregated by Defendants from operating expenses and remain in the separate account required by paragraph (C)(1)(b) until disbursed to employees or former employees.

(d)     Defendants shall maintain detailed records of the funds received for shipments under paragraph (C)(2), how such funds are distributed to approved operating expenses or employees or former employees, and shall provide the Wage-Hour Division with an accounting upon request. With respect to money segregated for disbursement to employees, Defendants shall first meet the current payroll needs. Second, Defendants shall apply any additional monies toward the payment of back wages satisfying the most recent unpaid pay period and then the oldest liability and then alternating between the two. Specifically, after payment of current wages, Defendants will pay the back wages due in the following order: (1) back wages due for missed payroll for the pay period January 16-January 31, 2009; (2) back wages due for missed payroll for the pay period October 1-October 15, 2008; (3) back wages due for missed payroll for the pay period January 1, 2009-January 15, 2009; (4) back wages due for missed payroll for the pay period from October 16-October 31, 2008; (5) back wages due for the missed payroll for the pay period from December 16-December 31, 2008; (6) back wages due for missed payroll for the pay period November 1-November 15, 2008; (7) back wages due for missed payroll for the pay period December 1-December 15, 2008; and (8) back wages due for missed payroll for the pay period November 16-November 30, 2008.

(e)     Defendants shall provide the Wage Hour Division with preliminary proof that it has paid employees from funds received under paragraph (C)(2) within seven (7) days after Defendants receive any such funds. Preliminary proof of payment shall consist of a report that lists the employees' names, check numbers, and gross and net amounts paid. This list shall also contain addresses and social security numbers of employees receiving payment. Final proof of payment, which will be due within thirty (30) days after Defendants receive any such funds, shall consist of a copy of the front and back of cancelled wage checks.

A copy of the Judgment is attached hereto as Exhibit A. The Judgment specifies the procedure pursuant to which Petitioner, through the Wage-Hour Division will lift her objections to shipments. *See* Judgment at paragraphs 1(a)-1(e), 2(a)-2(e), quoted above.

7.     Petitioner, through the Wage-Hour Division has received complaints from six former employees of Respondents who allege they have not received full compensation for hours

6

worked.  Specifically, these individuals have informed the Wage-Hour Division that they were not paid any wages for certain work weeks commencing March 1, 2009.  Based on the records Respondents provided to the Wage-Hour Division (pursuant to the terms of the Judgment), the Wage-Hour Division has verified that Respondents have not fully compensated their employees for hours worked.  Accordingly, Respondents have failed and refused to comply with the said Judgment and, on the contrary, have violated the FLSA and the Judgment of this Court in that Respondents have employed employees in commerce or in the production of goods for commerce in the following respects:

a.     Respondents have repeatedly violated the provisions of §§ 6 and 15 (a)(2) of the FLSA by employing certain of their employees engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, at wages less than $6.55 per hour.

b.     In addition, Respondents have failed and refused to comply with the said Judgment in at least the following respects: (i)  Respondents have failed to provide preliminary and/or final proof of payment for pay periods covering March 16-31, April 1-15, and May 1-to the present; and (ii) Respondents have repeatedly failed to cooperate with the spirit, intent, and specific mandates of the Judgment by failing to timely provide adequate documentation (for the most part Respondents have failed to provide any documentation), required under the Judgment, to the Wage-Hour Division so that the Wage-Hour Division can ensure Respondents' compliance with the FLSA and the terms of the Judgment.

An affidavit signed by the Wage-Hour investigator regarding her investigation is attached as Exhibit B.

8.     As a result of the violations alleged in paragraph 7 hereof, amounts are owing from Respondents to certain of Respondents' present and former employees in amounts which are presently unknown to Petitioner for the period from March 1, 2009, to the present.  Inasmuch as the violations may be continuing, additional amounts may be accruing from the present time for certain of Respondents' employees who are presently unknown to Petitioner in amounts presently unknown to Petitioner.

9.      As a result of the violations alleged in paragraph 7 hereof, Petitioner cannot agree to lift her objection to shipments of Respondents' goods; such goods are "hot goods" under Section 15(a) of the FLSA as set forth in the Judgment (quoted above at paragraph 6 at IV(A)). Accordingly, Respondents are restrained from shipping any goods that were developed and/or manufactured during the time period from October 1, 2008, to the present time.

10.     As required by the Judgment, Respondents are required to pay $942,429.09 in back wages to employees no later than August 10, 2009, for Respondents' minimum wage and overtime violations from October 1, 2008, to January 31, 2009.  To date, Respondents have yet to make any payment toward the back wage liability.

11.     The acts and omissions of Respondents as set forth in paragraph 7 above and Respondents' failure to pay the Judgment amount by the due date as set forth paragraph 10 above constitutes contempt of the Judgment of this Court.

WHEREFORE, Petitioner respectfully requests this Court to adjudicate Respondents in contempt of this Court, and to order Respondents as follows:

(a)     Petitioner respectfully requests this Court to adjudicate Respondents in contempt of this Court, and to order Respondents to pay former and current employees at least $942,429.09 in unpaid minimum wages and overtime compensation plus an equal amount as compensation for delay in payment of wages. Since Respondents are still not in compliance with the FLSA, additional amounts of back wages have been accruing since March 1, 2009, and potentially earlier, Respondents should be ordered to pay these amounts, plus an equal amount as compensation for delay in payment of wages.

(b)     To provide an accounting of each shipment of each and every good shipped from January 14, 2009 (the date Petitioner filed her complaint), until the date on which Respondents come into current compliance with the Fair Labor Standards Act, and pay all the back wages due to employees, including: a description of what

8

was shipped (by electronic means or otherwise); the date of shipment, the recipient's name, address, point of contact, and telephone number; the value of the good shipped (i.e., the invoiced amount); and the date on which Respondents received payments for such shipments (if payment has not been received, the date on which payment is expected). The accounting must include the goods to which Petitioner lifted her objection and all other goods that were shipped out from January 14, 2009.

(c)    An accounting of all proceeds from any shipment (as discussed above in paragraph (a)), or any other incoming funds from any source, from January 14, 2009, until the date on which Respondents come into current compliance with the Fair Labor Standards Act, and pay all the back wages due to employees. The accounting must include the location where all incoming funds were deposited (e.g., the specific bank account, bank name, bank address, and bank account title holder) and what the funds were used for.

(d)    A list of all of Respondents' customers from January 14, 2009, and all related contracts, invoices, and accounts receivable, until the date on which Respondents come into current compliance with the Fair Labor Standards Act, and pay all the back wages due to employees, and all orders for goods, received from any customers, including new orders, or future orders, whether filled or not as yet filled.

(e)    To produce all records of incoming funds (including funds from <u>any</u> source, not limited to funds received for shipments to which Petitioner lifted its objection), until the date on which Respondents come into current compliance with the Fair Labor Standards Act, and pay all the back wages due to employees.

(f)    To produce all records reflecting what any incoming funds were specifically used for (Respondents were obligated to maintain detailed records of all incoming funds and provide Petitioner an accounting upon request for how the funds were spent), until the date on which Respondents come into current compliance with the Fair Labor Standards Act, and pay all the back wages due to employees.

9

(g)   To produce all records reflecting where any incoming funds received from January 14, 2009, and onward, were deposited, including but not limited to all bank statements, until the date on which Respondents come into current compliance with the Fair Labor Standards Act, and pay all the back wages due to employees, for all accounts held by Fooptube, Mr. Rushton, Black Ice, and any other entities in which Fooptube and/or Mr. Rushton have an interest.

(h)   To produce preliminary and/or final proof of payment (as defined in the Judgment) for the following pay periods March 16-31, April 1-15; and May 1- the present, as specified in the Judgment (i.e., preliminary proof within 7 days and final proof within 30 days of the date of payment), until the date on which Respondents come into current compliance with the Fair Labor Standards Act, and pay all the back wages due to employees.

Further, Petitioner requests the Court order that Respondents notify all recipients of all shipments of goods that all payments to which Respondents become entitled by reason of such shipments, be sent directly from the customer to Petitioner so that Petitioner can make the distributions as appropriate under the terms of the Judgment.   Last, Petitioner seeks all costs, fees, and expenses incurred by Petitioner and her representatives in bringing forth this Amended Petition, and for such other and further relief, in addition to that specified above, and as may be necessary and appropriate.

Respectfully submitted,

Carol A. De Deo
    Deputy Solicitor for National Operations
Michael A. Stabler, Regional Solicitor
John Rainwater, Associate Regional Solicitor
    Assistant United States Attorney

/s/ Lydia Tzagoloff
Lydia Tzagoloff, Trial Attorney and Special
    Assistant United States Attorney

United States Department of Labor

Brett L. Tolman, United States Attorney
District of Utah

Amy J. Oliver
Assistant U.S. Attorney

Associated Local Counsel for Plaintiff

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on August 14, 2009, I electronically filed the Amended Petition for Contempt Adjudication with the Clerk of the Court using the CM/ECF filing system and, because the Court granted counsel of record's motion to withdraw and no appearance has been entered by substitute counsel, the Amended Petition for contempt has been mailed, via first class mail postage pre-paid, to the following:

Dave Rushton
10711 Cedar Brook Place
South Jordan, UT 84095

Fooptube LLC d/b/a Sensory Sweep
114 Business Park Drive
Draper UT 84020

/s/ Lydia Tzagoloff

11